ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LCDO. LUIS A. SÁNCHEZ SOLER; LCDO. HOMEL A. MERCADO JUSTINIANO; LCDA. GLORIA M. JUSTINIANO IRIZARRY<br><br>Recurridos<br><br>V.<br><br>ORLANDO RAMOS RULLÁN<br><br>Peticionario | KLCE202400277 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: MZ2021CV01664<br><br>Sobre: Improcedencia de una Orden de Consignación emitida por el TPI; Improcedencia del Desacato como Sanción |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de abril de 2024.

El Sr. Orlando Ramos Rullán nos solicita la revocación de la Orden emitida el 15 de febrero de 2024 por el Tribunal de Primera Instancia, Sala de Utuado [TPI]. Mediante referida determinación, el foro primario le ordenó al demandado Ramos Rullán la consignación de $51,500.00, más el 5% por concepto del interés legal, conforme lo dispuesto en la sentencia del Tribunal de Apelaciones del 13 de marzo de 2023 (en la causa KLAN202300031). Para ello, el foro primario le concedió 30 días.

Evaluado el recurso, así como la oposición a expedición de certiorari, denegamos la expedición del auto de *Certiorari*.

## I.

El 21 de diciembre de 2021, los recurridos Lcdo. Luis Sánchez Soler, Lcdo. Homel A. Mercado Justiniano, Lcda. Gloria

M. Justiniano Irizarry presentaron una Demanda de cobro de dinero contra el señor Ramos Rullán. En esencia, alegaron que el señor Ramos Rullan incumplió con el contrato de servicios profesionales, mediante el cual los abogados de la firma demandante representaron al señor Ramos Rullán en un proceso de ejecución de bienes inmuebles y cobro de dinero.

El 25 de agosto de 2022, los demandantes instaron una "Moción en Solicitud de Sentencia Sumaria". Allí le solicitaron al primer foro que dicte sentencia para que la parte demandada satisfaga los $57,500 adeudados, más intereses, costas y una suma no menor de $5,000.00 en concepto de honorarios de abogado.[1]

El 2 de septiembre de 2022 el señor Ramos Rullán se opuso y el 22 de septiembre de 2022 contestó la demanda, más reconvino.

Luego de otros trámites, el 13 de diciembre de 2022, el Tribunal dictó sentencia parcial en la que declaró *Ha Lugar* la Moción de Solicitud de Sentencia Sumaria, al considerar los siguientes pronunciamientos:

> […] luego de examinar detenidamente la totalidad de la prueba documental que obra en el expediente electrónico, el Tribunal está convencido de que la parte demandante logró demostrar que la deuda reclamada surgió de un incumplimiento de contrato de servicios profesionales y que dicha deuda está vencida y es líquida. La parte demandada no aportó prueba sobre la extinción de la obligación contractual de pago por los servicios profesionales pactados con la parte demandante.
>
> Ahora bien, no podemos obviar que, sin embargo, la parte demandada presentó una reconvención sobre daños y perjuicios basada en la negligencia de la parte demandante. En esencia, las alegaciones de la parte demandada se relacionan con el incumplimiento de la

---

[1] Examinamos el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B, entrada 33.

parte demandante con las gestiones de representación legal de la parte demandada en los procedimientos posteriores a la sentencia emitida en el caso núm. LCD2015-0042. Ante tales circunstancias, y cónsono con lo resuelto en nuestra Resolución emitida el 13 de diciembre de 2022 atendiendo el asunto de la alegada prescripción de la reconvención, **concluimos que la exigibilidad del pago de la deuda reclamada está sujeta a que la parte demandante cumpla con la totalidad de sus obligaciones que contrajo a través del contrato de servicios profesionales**. (Énfasis nuestro)

Acto seguido, el foro primario le ordenó a la parte demandada **a consignar en el Tribunal** (a) $57,500.00 de principal adeudado añadiéndole a ello el 5% por concepto del interés legal (b) $5,000 en concepto de honorarios de abogado. El foro primario determinó que, "[u]na vez la parte demandante acredite el cumplimiento de las gestiones pendientes en el caso núm. LCD2015-0042, se procederá al desembolso de las sumas consignadas en este pleito."

En desacuerdo, el señor Ramos Rullán presentó en este foro intermedio un recurso de Apelación asignado a la causa KLAN202300031.[2]

El 13 de marzo de 2023 este Panel dictó una Sentencia para modificar la *Sentencia Parcial* del foro primario a los únicos fines de reducir el principal adeudado a $51,500.00 y eliminar la partida de honorarios de abogado. En julio de 2023 el Tribunal de

---

[2] Allí esbozó que, incidió y erró el TPI al (1) dictar sentencia sumaria a favor de la parte demandante de forma prematura y sin haberle brindado la oportunidad a la parte demandada de concluir con el descubrimiento de prueba que ya había iniciado para oponerse a tal solicitud lo cual tiene el efecto de despojarla de su 'día en corte', principio reconocido como parte del debido proceso de ley en su vertiente procesal, y (2) al disponer del caso por la vía sumaria a pesar de que las propias alegaciones de la demanda, lo vertido en la solicitud de sentencia sumaria presentada por la parte demandante en unión a los documentos que anejó en su apoyo, se desprende la existencia real de varias controversias de hechos sustanciales que imposibilitan su disposición mediante dicho mecanismo.

Apelaciones emitió la *Carta de trámite sobre mandato* en el caso KLAN202300031[3].

El 2 de agosto de 2023 el señor Ramos Rullán presentó una *Solicitud Urgente para que se señale una vista presencial sobre el estado de los procedimientos*. Alegó que, luego de emitido el mandato, "lo que resta por atender y adjudicar en los méritos es la reconvención que el compareciente incoó dentro de este mismo litigio."[4]

Ese mismo 2 de agosto la parte demandante presentó una *Oposición a solicitud de vista presencial sobre el estado de los procedimientos*. Sostuvo que el demandado debía cumplir con la orden de consignación de los $51,500.00 de principal adeudado añadiéndole a ello el 5% por concepto del interés legal en un término de (10) días y otras órdenes.[5]

El 10 de agosto de 2023 el señor Ramos Rullán presentó una *Moción para mostrar causa*. En esta indicó que el pago está supeditado al resultado del litigio cuando se adjudique en los méritos la reconvención que incoó.

El 11 de agosto, el foro primario emitió una orden para que la Parte Demandada complementara su oposición a la solicitud de consignación.[6]

El 14 de agosto de 2023 la parte demandante presentó una *Solicitud de órdenes so pena de desacato e imposición de sanciones*. Adujo que la determinación del foro primario para la consignación de fondos es final y firme. Expuso que el recurrido, en los recursos presentados ante el Tribunal de Apelaciones y el

---

[3] Examinamos el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B. Véase, entradas 59 y 60.
[4] SUMAC, entrada 86.
[5] Apéndice págs. 60-62.
[6] Apéndice pág. 68.

Tribunal Supremo en ningún momento atacó la orden de consignación, por lo que, no puede volver a relitigar una controversia que advino final y firme.

El 1ro de septiembre de 2023 el señor Ramos Rullán presentó una *Moción en cumplimiento de orden.* En síntesis, alegó que el Artículo II, Sección 7 de la Constitución de Puerto Rico, 1 LPRA vol. 1, Art. II, Sec. 7, no faculta al Tribunal a emitir una Orden de Consignación de manera ex parte, pues de su faz ello constituye una privación de la propiedad del demandado sin el debido proceso de ley máxime cuando: (1) tal remedio no le ha sido solicitado por la parte demandante; y (2) el demandado no cuenta con recursos económicos para acatar tal dictamen. Además expresó que la parte demandante tiene a su disposición el mecanismo de aseguramiento de la efectividad de la Sentencia según la Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V.

El 8 de septiembre de 2023, la parte demandante replicó. Reiteró que el 14 de julio de 2023, el Tribunal de Apelaciones remitió el mandato a las Partes y al Tribunal de Primera Instancia de Utuado y el mismo fue archivado en SUMAC el día 24 de julio de 2023. Sostuvo que referido mandato solo modifica la cuantía de $57,500.00 a $51,500.00 y eliminó la partida de honorarios de abogado. Explicó que en ningún momento se eliminó la orden de consignación o se modificó la misma y que dicha sentencia parcial advino final y firme. Aludió a las doctrinas de cosa juzgada y la ley del caso aplican.

El 26 de septiembre de 2023, el señor Ramos Rullán respondió a la réplica de los demandantes. Adujo, entre otras cosas, que no aplican las doctrinas de cosa juzgada ni la ley del caso. Explicó que la orden de consignación no ha advenido final y firme pues está condicionada a que la parte demandante

demuestre fehacientemente que ha cumplido sus obligaciones contractuales.

Evaluados los escritos, el 31 de octubre de 2023 el foro primario emitió la Resolución y Orden. Explicó el tribunal de instancia que, mediante sentencia parcial del 13 de diciembre de 2022, ordenó que la Parte Demandada consignara en el Tribunal las siguientes sumas: (a) $57,500.00 de principal adeudado añadiéndole a ello el 5% por concepto del interés legal (b) $5,000 en concepto de honorarios de abogado. Que el Tribunal de Apelaciones, confirmó la sentencia, solo modificándola a los efectos de reducir la cantidad adeudada a $51,500.00 y eliminar la partida de honorarios de abogado. De manera que, advino final y firme la obligación de la Parte Demandada- Reconviniente de satisfacer a la Parte Demandante Reconvenida la cantidad de $51,500.00. Consecuentemente, ordenó la consignación en el término de treinta (30) días.

Luego de solicitar reconsideración, y esta ser denegada, el 1ro de diciembre de 2023, el señor Ramos Rullán acudió a este foro intermedio en recurso de *Certiorari*. El 23 de enero de 2024 emitimos una sentencia en la cual desestimamos el recurso por falta de jurisdicción, toda vez que una de las partes no había sido notificada del recurso ni se demostró justa causa para tal omisión.

Así las cosas, 25 de enero de 2024 la parte demandante presentó una *Moción Informativa y Sobre otros Extremos* para la reapertura y continuación de los procedimientos. Solicitó que se le ordenara al demandado a cumplir con la orden de consignación, so pena de desacato y sanciones.

Por orden del tribunal, el 15 de febrero el demandado replicó en *Moción para Mostrar Causa*. En síntesis, adujo que la orden de consignación es nula, pues fue emitida sin que la parte

demandante la solicitara. Que la orden de consignación no está sostenida ni apoyada por alguna fuente de derecho, pues bajo tal figura jurídica, es únicamente el deudor a quien le corresponde ejercer ese derecho como una forma de extinguir una obligación de pago. Mencionó que es improcedente la imposición de un desacato y que la parte tiene a su disposición el mecanismo procesal que provee la Regla 56 de Procedimiento Civil, 32 LPRA Ap. V, lo cual le permite el aseguramiento de la efectividad del dictamen judicial.

Tras ello, el foro de instancia le ordenó a la parte demandada a consignar, en treinta días, la cantidad de $51,500.00, más el 5% por concepto del interés legal, conforme lo dispuesto en la sentencia del Tribunal de Apelaciones del 13 de marzo de 2023.

Insatisfecho con la decisión, el señor Ramos Rullán presentó otro recurso de *certiorari* en el que alegó que incidió el Tribunal de Primera Instancia al:

> Emitir una Orden de Consignación la cual es nula, es contraria e ineficaz en derecho por carecer de fuente legal que la sostenga, excede la facultad adjudicativa del juzgador, y, constituye una violación al derecho constitucional del demandado-peticionario a un debido proceso de ley a la luz del Derecho civil, lo cual hacer impermisible la imposición del desacato como sanción.

El 7 de marzo le concedimos término a la parte recurrida para presentar su posición en torno a lo solicitado, y así lo hizo.

**II.**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v.

AIG, 205 DPR 163 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". 800 Ponce de León v. AIG*, supra,* Citibank et al. v. ACBI et al., 200 DPR 724, 735 (2018); Medina Nazario v. McNeil Healthcare LLc, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

A esos efectos, la Regla 52.1 de Procedimiento Civil de Puerto Rico, establece los preceptos que regulan la expedición del recurso discrecional de *certiorari*, por parte del Tribunal de Apelaciones, para la revisión de determinaciones interlocutorias del Tribunal de Primera Instancia. En lo pertinente, la regla dispone que,

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto

a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

32 LPRA Ap. V, R. 52.1

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). El Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio

utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. Citibank et al. v. ACBI et al., *supra*, pág. 736; Ramos Milano v. Wal-Mart, 168 DPR 112, 121 (2006); Meléndez Vega v. Caribbean Int'l. News, 151 DPR 649, 664 (2000).   Un tribunal puede incurrir en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable. Citibank et al. v. ACBI et al., *supra;* Pueblo v. Custodio Colón, 192 DPR 567, 588-589 (2015).  A su vez, se ha indicado que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000).

**B.**

En nuestro ordenamiento jurídico, es norma reiterada que los derechos y obligaciones que han sido objeto de adjudicación en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso. Berkan et al. v. Mead Johnson Nutrition, 204 DPR 183 (2020); Mgmt. Adm. Servs. Corp. v. ELA, 152 DPR 599, 606 (2000). La doctrina de la ley del caso tiene como propósito que los tribunales nos resistamos a reexaminar asuntos ya considerados dentro de un mismo caso para velar por el trámite ordenado y expedito de los litigios, así como promover la estabilidad y certeza del derecho. Berkan et al. v. Mead Johnson Nutrition, *supra*; Mgmt. Adm. Servs. Corp. v. ELA, *supra*, pág. 608.  La doctrina de la ley del caso aplica a las controversias

adjudicadas, ya sea por tribunales de instancia, como tribunales apelativos. Berkan et al. v. Mead Johnson Nutrition, *supra*; Cacho Pérez v. Hatton Gotay y otros, 195 DPR 1, 9 (2016). Solo en situaciones excepcionales, si el caso regresa para la evaluación y consideración del tribunal mediante los mecanismos apropiados, y este entiende que sus determinaciones previas son erróneas y que podrían causar una grave injusticia, puede aplicar una norma de derecho distinta y así resolver de forma justa. Íd.

A la luz de la antes mencionada normativa, disponemos del presente recurso.

## III.

Al emitir la orden de consignación de fondos, aquí cuestionada, el foro primario está cumpliendo con la Sentencia Parcial que emitió el 13 de diciembre de 2022, la cual advino final y firme. Mediante referida determinación el foro primario declaró Ha Lugar la "Moción en Solicitud de Sentencia Sumaria" presentada por la parte apelada, y ordenó a la parte apelante a **consignar** $57,500.00 de principal más el 5% de interés legal, y $5,000.00 en concepto de honorarios de abogado.

El recurrente Ramos Rullán no estuvo de acuerdo y apeló a este foro intermedio en la causa asignada al KLAN2023003. Nada dijo en ese recurso sobre la Orden de Consignación. Tras el análisis de rigor, el 13 de marzo de 2023, este panel dictó sentencia mediante la cual modificó la decisión del foro primario a los únicos fines de reducir el principal adeudado a $51,500 y eliminar los honorarios de abogado. **Lo demás quedó inalterado**. Es decir, la parte dispositiva relacionada a la consignación de la cuantía adeudada no fue cuestionada en ningún momento, tampoco fue revocada. Así pues, una vez la decisión advino final y firme, solo restaba el cumplimiento de la sentencia

que imponía la consignación de los $51,000, tal como el foro primario lo decretó en la orden que revisamos.

De otro lado, surge de la Sentencia Parcial que emitió el TPI el 13 de diciembre de 2022 que, "la exigibilidad del pago de la deuda reclamada está sujeta a que la parte demandante cumpla con la totalidad de sus obligaciones que contrajo a través del contrato de servicios profesionales." Por tanto, la orden de consignación es una medida temporal cuyo resultado final está condicionado a que la parte demandante demuestre que cumplió con sus obligaciones contractuales.[7] Habida cuenta de que la Sentencia Parcial es final y firme, y que la orden de consignación es una medida en protección al pago de esa sentencia, no vemos motivo para intervenir con esa decisión. La orden de consignación no es una orden de pago pues ese pago está sujeto a lo que falta por resolver en este caso.

En fin, en este caso no detectamos que en el ejercicio de sus facultades, el tribunal primario, al emitir la orden de consignación de fondos haya incurrido en error o en abuso de la discreción que le asiste en el manejo de los procedimientos que atiende, de modo que nos permita soslayar la norma de abstención judicial. Así pues, procede denegar la expedición del auto, pues no vemos cumplidos ninguno de los criterios de la Regla 40 de nuestro Reglamento.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, denegamos la expedición el recurso de *Certiorari* solicitado por el peticionario Ramos Rullán.

---

[7] Véase Moción del señor Ramos Rullán sobre Dúplica a Réplica a Moción en cumplimiento de orden, Apéndice pág. 92.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones